UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAINIER ALEMAN GARCIA                                                                    Petitioner

v.                                                                    Civil Action No. 3:25-CV-522-RGJ

JEFF TINDALL, JAILER, ET AL.                                                           Defendants

\* \* \* \* \*

## ORDER

On September 26, 2025, the Court ordered that the United States certify compliance with their own representations and remarks, demonstrating Dainier Garcia's ("Garcia") removal to Cuba by filing on the docket no later than September 28, 2025. [DE 22]. The United States notified the Court of their impending plans to remove Mr. Garcia. [DE 23 at 177].

However, after the Court's order but before removal, the Sixth Circuit administratively stayed Mr. Garcia's removal to Cuba pending a motion to stay filed by Garcia's Counsel. [DE 24 at 180] *Garcia v. Bondi*, 25-3666 (6th Cir. Sept. 26, 2025). On September 29, 2025, the United States notified the Court that "If the Sixth Circuit lifts its stay, Petitioner will be removed as promptly as ICE can finalize all necessary arrangements." [DE 24 at 180].

The Sixth Circuit denied, and lifted, the stay on October 3, 2025. *Garcia v. Bondi*, 25-3666 at DE 18; DE 19. However, the United States has not notified the Court of removal, or plans of removal since their September 29, 2025, representation. In the face of silence, the Court will require status updates as to Mr. Garcia's whereabouts and his upcoming removal.

And as previously stated, both parties agree that this Court retains jurisdiction while Mr. Garcia remains in the United States, even if not within the jurisdiction of the Western District of Kentucky. *White v. Lamanna*, 42 F. App'x 670, at \*1 (6th Cir. 2002); *In re Hall*, 988 F.3d 376

1

(7th Cir. 2021). Therefore, the Court will also require the United States to show cause why they have not complied with their own previous representations, and, the United States must identify where Mr. Garcia is currently located, and his accessibility to counsel.

For those reasons, the Court **ORDERS** that the United States must **show cause** why they have not complied with their previous representations, and identify the current whereabouts of Mr. Garcia. If Mr. Garcia has been removed, the United States must certify compliance, demonstrating **Mr. Garcia's removal to Cuba,** by a filing on the docket no later than **October 24, 2025**. Further, if Mr. Garcia has not been removed to Cuba by October 24, 2025, the Court will separately require the United States to provide recurring status updates to the Court every **SEVEN (7) days** and the Court will continue with reviewing the Petition.

Rebecca Grady Jennings, District Judge
United States District Court

October 22, 2025